IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HARPER LEE, | No. CIV S-06-1757-RRB-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| THE VESSEL TIFFANY, | |
| Defendant. | |
| _____/ | |

Plaintiff brings this admiralty action in rem for possession and quiet title. A hearing was held on September 25, 2007, before the undersigned in Redding, California, on plaintiff's motion for default judgment. No appearance was made by any party asserting an adverse interest in the subject vessel and plaintiff submitted the matter on the papers.

Having reviewed and carefully considered plaintiff's motion for default judgment, the declaration of Neil S. Lerner, Esq., in support thereof, and the court's file in this action, the court hereby makes the following findings:

1. Plaintiff gave Daniel Blevins-Catalano, the record owner of the subject vessel in California and its custodian at the time of its arrest, due notice of the action and arrest of the subject vessel by serving him with the summons and complaint on August 28, 2006;

1  2.   Daniel Blevins-Catalano has not appeared in this action and has not claimed an ownership interest or right in the subject vessel;

3.   Daniel Blevins-Catalano is not a minor, incompetent, or subject to the protections of the Soldiers' and Sailors' Civil Relief Act of 1940;

4.   Daniel Blevins-Catalano is in default;

5.   Plaintiff gave due notice of the action and arrest of the subject vessel to all possible, unknown claimants by publishing a Notice of Action of Arrest of Vessel on August 24, 2006; and

6.   No claimant has appeared in this action, and no claimant has claimed an ownership interest or right in the subject vessel.

Based on the foregoing, the court finds that judgment by default should be entered in favor of plaintiff.  Accordingly, the undersigned recommends that:

1.   The court decree that plaintiff is the sole lawful owner of the vessel M/Y "Tiffany," #OR 653 MG, also known as the M/Y "Bobbi James," #CF 1939 UB;

2.   Plaintiff be entitled to the exclusive exercise of all rights, interests, and incidents of ownership of said vessel;

3.   The substitute custodian, Western California Yacht Sales, be directed to release the subject vessel from its custody into the possession of plaintiff upon satisfaction of the substitute custodian's fees;

4.   The California Department of Motor Vehicles be directed to clear the cloud to plaintiff's title to the subject vessel by removing the registration of the subject vessel issued March 28, 2006; and

5.   All parties bear their own costs and attorney's fees.

/ / /
/ / /
/ / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 2, 2007

　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE